Argued and submitted November 2, affirmed December 6, 2006

KEYBANK NATIONAL ASSOCIATION,
a National Banking Association,
*Appellant,*

*v.*

DPR CONSTRUCTION, INC.,
a California corporation,
*Respondent.*

C042137CV; A128322

149 P3d 233

Stephanie Hendricks argued the cause for appellant. On the briefs were Jeffry S. Garrett and Lane Powell PC.

Thomas F. Landers argued the cause for respondent. With him on the brief were Michael D. Breslauer and Solomon Ward Seidenwurm & Smith, San Diego, California, and Julie R. Vacura and Larkins Vacura, LLP.

Before Landau, Presiding Judge, and Schuman and Ortega, Judges.

LANDAU, P. J.

**LANDAU, P. J.**

At issue in this case is whether defendant DPR Construction, Inc. (DPR), a general contractor, paid an obligation to one of its subcontractors before or after receiving notice from plaintiff KeyBank National Association (KeyBank) that the obligation had been assigned to the bank. The trial court concluded that DPR had already made the payment to the subcontractor by the time it received the notice and therefore is not required, in effect, to make the payment again to KeyBank. We agree and therefore affirm.

The parties stipulated to the following facts. Intel Corp. hired DPR to perform a large construction project at the Intel campus in Hillsboro. DPR's personnel moved into several trailers on the Intel campus. Its contract with Intel required it to receive mail through Intel, which would then direct the mail to one of defendant's trailers, denominated "RS3-309."

DPR hired a subcontractor, Protocol, Inc., to provide cleaning management services on the Intel job. The contract, among other things, obligated Protocol to send invoices and other notices to DPR at the Intel campus. The contract specifically identified DPR's mailing address as "2501 NW 229th Ave., RS3-309, Hillsboro, OR 97124."

In the meantime, Protocol had acquired a loan from KeyBank. At the same time, Protocol entered into a security agreement with KeyBank, which granted the bank a security interest in certain assets, including Protocol's accounts receivable. In the event of Protocol's default, in other words, KeyBank had the right to notify account debtors such as DPR that, after such notice, the debtors are obligated to make payments directly to KeyBank.

On November 14, 2003, Protocol defaulted on its loan agreement with KeyBank. At that time, it owed KeyBank approximately $430,000. Exercising its rights under the security agreement, on January 5, 2004, KeyBank sent a notice of assignment to DPR advising DPR that KeyBank has a security interest in Protocol's accounts receivable, including DPR's account, and demanding that DPR

"remit any and all funds now due and owing directly to the Bank." KeyBank sent the notice of assignment to DPR by Airborne Express, addressed to "2501 NW 229th Ave, RS3-309, Hillsboro, OR 97124."

The notice arrived at the shipping dock at the Intel campus on January 9, 2004. One of Intel's employees signed for the parcel. The employee, however, did not route the notice to DPR's mailbox in building RS3-309.

On January 16, 2004, DPR—unaware of the KeyBank notice—hand delivered a $65,000 check to Protocol for services rendered. One hour later, an Intel employee notified DPR of the receipt of KeyBank's notice. A DPR employee retrieved the notice later that afternoon.

KeyBank insisted that DPR was obligated to pay it the $65,000 that DPR already had paid to Protocol. DPR declined, and KeyBank initiated this action for conversion of the $65,000 payment. The parties stipulated to the foregoing facts and moved for summary judgment.

KeyBank argued that, under ORS 79.0406(1), a debtor may discharge an obligation to an assignor "until, but not after, the account debtor receives a notification" that the account has been assigned and that payment is henceforth to be made to the assignee. According to KeyBank, ORS 71.2010(26) provides that a person "receives" notification when the notification "is duly delivered at the place of business through which the contract was made or at any other place held out by the person as the place for receipt of such communications." According to KeyBank, DPR held out the Intel address as "the place for receipt of such communications," and that is where the notice of assignment was delivered on January 9, 2004, seven days *before* DPR made the payment to Protocol.

DPR argued that, among other things, "the place for receipt of such communications" was not just the Intel campus street address, but the *specific building*, expressly set out in the contract with Protocol as RS3-309. According to DPR, it is uncontested that it did not receive KeyBank's notice at that place until *after* it had made the payment to Protocol, and so it should not be required to make the payment again

to KeyBank. The trial court agreed with DPR and entered judgment dismissing KeyBank's claim.

On appeal, KeyBank argues that the trial court erred in concluding that DPR had not received notice of the assignment before it paid Protocol the $65,000. DPR argues that the trial court correctly disposed of the issue. Both parties rely on essentially the same arguments that they advanced to the trial court.

Thus framed, the dispositive issue is one of statutory construction, namely, whether DPR received notice within the meaning of ORS 71.2010(26). That statute provides:

"A person 'receives' a notice or notification when:

"(a)    It comes to the person's attention; or

"(b)    It is duly delivered at the place of business through which the contract was made or at any other place held out by the person as the place for receipt of such communications."

ORS 71.2010(26). The question in this case is whether DPR received the notice of assignment at the "place held out by the person," in this case DPR, "as the place for receipt of such communications" before it made the payment to Protocol on January 16, 2004.

KeyBank argues that DPR received the notice on January 9, 2004, when the notice was delivered to Intel's street address, because that street address was the one that DPR had specified as the place for receipt of such notices in its contract with Protocol. In making that argument, however, KeyBank overlooks the fact that the place that DPR specified was not merely Intel's street address but the "RS3-309" building. As the parties stipulated, *that* address—including the reference to "RS3-309"—was the address that DPR had designated.

KeyBank acknowledges that DPR had designated its building, not Intel's street address, as the place for receipt of notices. It nevertheless argues that we should conclude that, in this case, DPR received the notice of assignment when it arrived at Intel's shipping dock. It is simply unfair, KeyBank argues, to saddle it with the risk that Intel's mail delivery

system would fail. Fair or not, the fact remains that the statute defines the receipt of notice as receipt at the place designated by the parties, and, in this case, it is stipulated that the place so designated was DPR's building, not just Intel's street address.

In the alternative, KeyBank asserted at oral argument that, although it indeed so stipulated, the fact remains that there is evidence in the record—apparently, a piece of correspondence in which the reference to "RS3-309" was omitted—from which it could be inferred that DPR did not consistently hold the specific building as the place to receive notices. KeyBank, however, did not make that argument to the trial court; indeed, its stipulation as to the relevant facts is to the contrary. KeyBank cannot avoid the effect of its stipulation at this point in the proceedings.

Affirmed.